IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE GREEN, | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 11-6727 |
| PHILADELPHIA PRISON SYSTEM, PRISON HEALTH SERVICES, INC., and MENTAL HEALTH MGMT. SERVICES, INC., | |
| Defendants. | |

MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                May 3, 2012

Presently before the Court is Plaintiff Tyrone Green's ("Plaintiff") Motion for the Appointment of Counsel. For the reasons set forth below, Plaintiff's Motion is denied.

I.   BACKGROUND

Plaintiff, a pro se litigant currently incarcerated at the Philadelphia Industrial Correction Center ("PICC"), was granted in forma pauperis status to file suit against Philadelphia Prison System, Prison Health Services, Inc., and Mental Health Management Services, Inc. ("Defendants") for inadequate medical treatment. Specifically, Plaintiff alleges that during his incarceration at the Curran Freehold Correctional Center and PICC, the Defendants refused to provide him with the necessary blood pressure and asthma medications. At issue now is Plaintiff's Motion for the Appointment of Counsel due to his indigent status.

## II. DISCUSSION

We begin from the established premise that "indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." Gordon v. Gonzalez, 232 F. App'x 153, 156 (3d Cir. 2007) (quoting Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002)). However, a district court is empowered with the discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The court's decision whether to appoint counsel is to be given wide latitude and will only be overturned if its ruling is clearly an abuse of discretion. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

As a preliminary matter, the district court must first determine if the Plaintiff's claim has arguable merit in fact and law. Upon a favorable finding, the court then proceeds to consider certain additional factors that bear on the necessity for the appointment of counsel. Id. at 155. These factors enunciated in Tabron include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. Montgomery, 294 F.3d at 499 (quoting Tabron, 6 F.3d at 155). This list is not exhaustive, nor is any one factor determinative. Parham v. Johnson, 126 F.3d 454, 458 (3d Cir. 1997).

At the early stage of this litigation, it is difficult to discern whether Plaintiff's claim possesses "merit in fact and law." However, upon review of the Complaint, it appears Plaintiff's claim has arguable merit in fact and law. Consequently, we proceed upon the analytical course charted in Tabron.

### (A) The Plaintiff's Ability to Present His Own Case

The ability of a plaintiff to present his own case is arguably the most significant of the Tabron factors. Montgomery, 294 F.3d at 501. This determination is based on several criteria including plaintiff's education, literacy, prior work experience, prior litigation experience, ability to understand English and restraints placed on him by incarceration (i.e., access to resources such as a typewriter, telephone and computer). Tabron, 6 F.3d at 156; see also Parham v. Johnson, 126 F.3d at 459. However, it is not necessary that Plaintiff have the skills and expertise of a trial lawyer; only that they possess the baseline abilities to adequately present their case. See Gorden v. Gonzalez, 232 F. App'x at 157 (the decision point is not whether plaintiff is a trial lawyer).

Plaintiff's extensive history with the judicial system is replete with examples of his ability to adequately present his own case. A cursory examination of his judicial filings show that Plaintiff has proceeded pro se in at least three legal proceedings.[1] For example in 2006, Plaintiff filed a habeas corpus petition, a motion for a stay, a memorandum of law in support of his habeas petition, a response to the government's answer, and an objection to the final report and recommendation. In these filings, Plaintiff cites to relevant statutes and case law and makes coherent and complex legal arguments. Though no one factor is dispositive, this factor weighs heavily against the appointment of counsel.

### (B) The Difficulty of the Particular Legal Issues

Where cases involve complicated legal issues, courts should be "more inclined to appoint counsel." Tabron, 6 F.3d at 156. This will benefit all parties involved. Parham, 126 F.3d at 459. At this early stage in the litigation, it appears that the legal issues inherent in Plaintiff's claims

---

[1] See Civil Case Numbers: 2:06-cv-00102, 2:06-cv-01002 and 2:06-cv-04908.

3

afford counsel, this may not be the best case to expend limited volunteer resources. Overall

are not overly complex. Plaintiff's allegations of inadequate medical treatment are standard Eighth Amendment claims and do not implicate any complicated or novel issues of law. See Id. (prisoner's claim against prison doctor for deliberate indifference was relatively simple). In light of Plaintiff's experience as a pro se litigant, we believe that the instant legal issues are within his range of competence.

### C. The Necessity and Ability of the Plaintiff to Pursue Factual Investigation

Courts must consider the extent of factual investigation necessary to prosecute a claim and the ability of the indigent plaintiff to pursue the investigation. Tabron, 6 F.3d at 156. Situations which are "likely to require extensive discovery and compliance with complex discovery rules" gravitate toward the appointment of counsel. Id. At this early stage in the proceedings, where not all of the Defendants have answered the Complaint, it is too difficult to ascertain the investigative needs of Plaintiff. However, it is important to note the unique position occupied by those incarcerated in actions pertaining to their treatment. Plaintiff is confined to the very area that forms the investigative locus of this case. Accordingly, we find that there is less danger of infringement on his ability to properly investigate and prepare his case.

### D. The Plaintiff's Capacity to Retain Counsel on His Own Behalf

The appointment of counsel is not for situations where the plaintiff can easily afford and attain counsel. Id. at 157. In these cases, the court must recognize and preserve the "precious commodity" of volunteer legal advocates. Parham, 126 F.3d at 458. Here, the Plaintiff is indigent and is proceeding in forma pauperis. While clearly not a situation where Plaintiff can afford counsel, this may not be the best case to expend limited volunteer resources. Overall, much like in Gordon and Asemani we question the "independent weight" of this factor as

4

"indigent litigants by definition will almost always be able to satisfy it." Gordon, 232 F. App'x at 157; Asemani v. Sec. of the Dept. of Homeland Security, No. 11-7448, 2012 WL 569386, at *3 (E.D. Pa. Feb. 22, 2012).

### E. The Extent to which this Case is Likely to Turn on Credibility Determinations

Cases where adjudication relies solely on credibility determinations favor the appointment of counsel. Lasko v. Watts, 373 F. App'x 196, 201 (3d Cir. 2010). Regarding the credibility determination factor, "[w]hile the case ultimately may have relied upon credibility, it is difficult to imagine a case that does not. Thus, when considering this factor courts should determine whether the case was solely a swearing contest." Parham, 126 F.3d at 460. This case does not appear to be exclusively a swearing contest. Consequently, this factor does not favor the appointment of counsel. See Oleson v. Bureau of Prisons, No. 09-5706, 2011 WL 2221195, at *6 (D.N.J. June 6, 2011) (failure to provide medical equipment to prisoner was unlikely to hinge on credibility determinations).

### F. Expert Witness Testimony

The necessity of cross examining expert witnesses may favor the appointment of counsel. Tabron, 6 F.3d at 156. However, the appointment of counsel is not necessary in every case warranting expert testimony. Lasko, 373 F. App'x at 202. At these preliminary stages, the necessity for expert witness testimony is uncertain and any predictions by the Court would be premature. Thus, in this case, we find that this factor neither weighs in favor nor against appointing counsel.

## III. <u>CONCLUSION</u>

Congress has entrusted the district courts with the judicial discretion to determine when to appoint counsel. See 28 U.S.C. § 1915(e)(1). In effectuating this responsibility, the United States Court of Appeals for the Third Circuit developed an analytical framework to serve as a "guidepost" in these determinations. See Tabron, 6 F.3d at 155. Inherent in their decision, district courts must be mindful of the competing interests between the need to provide legal representation to effectively prosecute meritorious cases and the necessity of protecting the limited and "precious commodity" of volunteer legal advocates. After careful analysis in light of Tabron and its progeny, we find that more factors weigh against appointing counsel. Consequently, Plaintiff's Motion for the Appointment of Counsel is denied.

An appropriate Order follows.